### BARBER v KIHLKEN, Admr

Ohio Appeals, 6th Dist, Lucas Co

No 2952. Decided June 25, 1934

Willis C. Knisely, Toledo, Robert Meffley, Toledo, and Chester A. Meck, Toledo, for plaintiff in error.

Fraser, Hiett, Wall & Effler, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

The trial court refused to permit the plaintiff Barber to testify except to facts which occurred after the death of the decedent in accordance with the provisions of §11495, GC. This section contains the provision that "nothing in this section shall apply to actions for causing death." The contention of plaintiff in error is that by reason of the fact that the defendant filed a cross-petition for wrongful death, there was a waiver of the "incompetency" of the plaintiff to testify. It will be observed that §11495, GC, does not make a party an incompetent witness but merely contains provisions which forbid him to testify except as to certain matters. Of course, if the cause had been submitted upon the issues made on the cross-petition, then the testimony of the plaintiff would have been competent on those issues; but even then it would have been the duty of the trial judge to instruct the jury not to consider the testimony of the plaintiff upon the issues made on the petition. In view of the fact that the cross-petition was dismissed, the court properly refused to permit the plaintiff to testify to any transactions which occurred prior to the decedent's death and by proceeding into the trial without dismissing the cross-petition the defendant did not waive his right to object to the plaintiff's testifying.

Questions are also made upon the charge, and especially the part which reads:

"If you find at the time of the occurrence in question the plaintiff violated any of the provisions of law which I have just read to you, then the plaintiff has been guilty of negligence, and if the violation of the law on the part of the plaintiff, if you do so find he did violate the law, and such violation proximately caused or contributed to the plaintiff's injury and damage, then, under those circumstances, the plaintiff cannot recover in this action."

Previous to the giving of this passage in the charge, the court used this language:

Sec 12603-1 GC. "Whoever operates a motor vehicle on the publc roads or highways without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, so as to endanger the life, limb or property of any persons while in the lawful use of the roads or highways, shall be deemed guilty of a misdemeanor."

\* \* \*

And §6310-22 GC. "Drivers of vehicles before turning, stopping or changing their course shall make sure such movement can be made in safety and shall cause signals to be made of their intentions in a way visible outside the vehicle."

It thus appears that the trial judge told the jury that a violation of §§12603-1 and 6310-22, GC, as quoted above, constituted negligence per se. In view of the rule laid down by the Supreme Court in recent decisions to the effect that where a statute enacted for the public safety imposes upon the driver of a vehicle a rule of conduct and not a specific requirement to do or to omit to do a definite act, the rule of per se negligence is not applicable to §12603-1, GC, nor to the "make sure" provision in §6310-22, GC. As to the latter part of §6310-22, GC, which requires that drivers shall cause signals to be made of their intentions in a way visible outside of the vehicle, we are of the opinion that a failure to make such a signal would constitute negligence per se. The test is whether there has been a violation of the statutory provision. §12603-1 GC requires the exercise of "due regard for the safety and rights" of others and clearly involves the question of ordinary care, while under §6310-22, GC, to "make sure" involves an exercise of discretion, and if the driver in this respect exercises ordinary care, he doesn't violate the "make sure" provision of the section. But the failure

to give any signal as required by §6310-22, GC, would be a failure to do a definite act required by the statute. If some signal is given, the question whether it was such as ordinary care required would ordinarily be a question of fact for the jury.

We also find some conflicting statements in the charge as to whether the doctrine of negligence per se should or should not apply to other quoted sections of the statutes. In view of the fact that the judgment must be reversed, this discrepancy will undoubtedly be omitted from the charge given on retrial, as it is apparent that the inconsistent statements were entirely due to oversight.

For prejudicial error in charging the jury as above stated, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and LLOYD, JJ, concur.