### DICKERHOFF, Plaintiff-Appellant, v ATHEY, Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3155.   Decided April 2, 1947.

McKain, Ohl & Swanner, Youngstown, for plaintiff-appellant.

Bullock & Rigelhaupt, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff appealed to us on questions of law from a judgment of the court of common pleas entered upon a jury verdict for defendant in plaintiff's action to recover damages for personal injuries sustained about four o'clock on the afternoon of September 25, 1945, allegedly as the result of defendant's negligence in "starting", "operating" and backing her "automobile against plaintiff" at or near the intersection of Mahoning and Schenley Avenues within the corporate limits of the City of Youngstown, Ohio, without giving her "ample" or any warning of her intention so to do, or "exercising proper diligence not to injure her", and "without due regard for the safety and rights of the plaintiff and other pedestrians and persons lawfully using the same."

Plaintiff testified that she stepped off the curb on the northerly side of Mahoning Avenue and was walking from the northerly to the southerly side thereof opposite the westerly sidewalk of Schenley Avenue, and "had taken three or four steps up and got hit" six or seven feet from such curb; that defendant's automobile struck her crutch "pretty hard and knocked" her crutch "from under on the right side", threw her "down toward the left on the sidewalk onto the street on the left"; that her "crutch protected the right side of her body.

wonderfully"; and that as the result of being struck she sustained personal injuries, the nature and extent of which are undisputed and accordingly will not be discussed further.

Defendant testified that her automobile was parked headed west on the north side of Mahoning Avenue, about fifteen feet west of the westerly sidewalk of Schenley Avenue, immediately back of another automobile parked on the same side of Mahoning Avenue, and headed in the same direction; that she entered her automobile from the right or curb side, deposited a package on the rear seat, looked in the rear view mirror thereof, saw no pedestrians or traffic of any kind behind her automobile, started the motor thereof, released the brake thereon, and began to back it; that "the car couldn't have moved any more than, well, a foot or two, no more than two feet" when she "heard somebody holler and at the same time there was a man standing in the street and he said 'hold it, lady,' " and she "stopped" her "car and got out and she (plaintiff) was then in the back of the car and two men were on each side, had a hold of her under her arm"; that plaintiff was a few feet west of the westerly sidewalk of Schenley Avenue at that time.

A disinterested witness, who was waiting for a bus at the intersection where the accident happened, testified inter alia that defendant's car was ten feet west of plaintiff when she fell near a manhole, and "that after he saw plaintiff lying in the street" he could see the car backing up "just go easy, easy back, that's all", and that after he "saw the plaintiff" in "the street" he saw the car backing up.

Counsel for plaintiff claims, and while it is not before us it is not denied, that in his opening statement to the jury he stated that he would prove defendant gave an account of what happened when she allegedly struck plaintiff to city police officer Bartholomy, which conversation with that officer defendant admitted. Counsel for plaintiff claims that in such statement defendant admitted that while backing her car into the intersection mentioned herein she heard a "thump", and when she stopped her car and went to the rear thereof she found she had struck plaintiff, which alleged admission defendant denied, and which claimed admission plaintiff's counsel contends was a vital issue in the case.

Plaintiff issued a subpoena duces tecum for Officer Bartholomy to appear as a witness and bring the purported statement with him, but during the time that elapsed between the issuance of such subpoena and the witness's commanded appearance in the court of common pleas he was injured, which

precluded him from responding to such subpoena, and during trial he so notified plaintiff's counsel, who then testified in behalf of plaintiff concerning the absence of such officer.

In his argument to the jury counsel for defendant commented upon the failure of plaintiff's counsel to produce or offer the purported statement in evidence, and said "if they don't bring in Mr. Bartholomy, they could have brought the statement. Why didn't they bring in the police report? It is a matter of public record."

Plaintiff's counsel objected, and said "it isn't a matter of public record; it isn't admissible in evidence". The court overruled the objection, and said "the court is here to rule on the evidence when it is produced. I want to give the jury a short charge on the scope of the argument". And after explaining the purpose of argument of counsel to the jury said inter alia "so the arguments of counsel aren't evidence; they are not the evidence, but the law permits them to analyze, discuss, draw conclusions from anything in or not in the case, so long as it is related to some of the evidence in the case"; and permitted counsel to proceed with his argument.

Whether the purported statement was admissible or inadmissible in evidence presented a question for the determination of the trial judge when and if it was offered in evidence. Like the contents of the purported statement the ruling of the trial judge thereon accordingly is unknown to defendant's counsel, this court and even to the trial court.

In the state of the record on this question, and a study of the law applicable thereto cited by counsel for the respective parties, and that resulting from independent research, we can not arrive at the conclusion which counsel for plaintiff asks us to reach that counsel for defendant was guilty of misconduct in his argument to the jury which prevented plaintiff from having a fair and impartial trial.

As suggested in the factual statement of this opinion, plaintiff charged defendant with negligence in three respects, on all of which the trial judge charged the jury fully, and on the first two apparently satisfactorily to counsel for plaintiff. However counsel for plaintiff claims that the charge of the trial judge with respect to the last specification of negligence was prejudicial to plaintiff because the charge failed to state that a violation of §6307-20 GC, constituted negligence per se, which the supreme court in the case of **Scott v Hy-Grade Food Products Corp., 131 Oh St 225**, has announced "consists of the violation of a specific requirement of law or ordinance".

On the third specification of negligence the trial judge charged the jury as follows:—

"Thirdly, in operating said automobile upon the said highway without regard to the rights of the plaintiff and other pedestrians and persons lawfully using the same. The section of the statute reads as follows, Section 6307-20: 'No person shall operate a vehicle without due regard for the safety and rights of pedestrians, and so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways.' That statute requires the exercise of ordinary care by the operator of a motor vehicle to accomplish the purpose set forth in the statute. Whether or not the defendant was negligent as respects that claim is an issue of fact for the jury, under all the evidence in the case and under the law, as I give you the law."

In the case of **Swoboda v Brown, 129 Oh St 512,** the supreme court distinguishes clearly between negligence and negligence per se, and based upon the facts in that case said that the violation of an ordinance which prohibited one vehicle passing another at an intersection of two streets or highways, and requiring the operator of a vehicle to give the operator of another vehicle going in the same direction a signal before passing it, are specific requirements of the law, the violation of which constitutes negligence per se.

Obviously the only duty imposed upon the jury in such situations was to determine whether the driver of one motor vehicle operated it past another at an intersection or failed to give a signal of his intention to pass another vehicle going in the same direction, either or both of which he was specifically required to do as the situation demanded. Under such situations the jury could not speculate as to whether the failure to comply with the specific requirements was negligence as the applicable ordinance fixes such negligence as negligence per se.

We are of opinion that §6307-20 GC, does not contain the specific requirement counsel for plaintiff claims it does, but is a statutory enactment of the common law rule of ordinary care that the operator of a motor vehicle must operate it on the highways of Ohio with due regard for the safety and rights of pedestrians and so as not to endanger the lives, limbs and property of others in the lawful use of same. In determining whether defendant violated the provisions of that section of the General Code it was the duty of the jury to test her conduct by the rule of ordinary care.

In the case of Scott v Hy-Grade Food Products Corp., supra, the supreme court held that the refusal of the trial

judge to charge the jury that the violation of the language of §6310-22 GC, "shall make sure such movement can be made in safety", constituted negligence per se was not erroneous.

In the case of **Hoge v Soissons, 48 Oh St 221**, after directing the attention of the jury to the provisions of §12603-1 GC, the trial judge charged the jury as follows:—

" 'Now, if by a preponderance of the evidence in this case you find that the defendants were in the act of violating that statute at the time and place in question, then that would be negligence in and of itself on the part of the defendants. ' "

Upon review the court of appeals held that "in so charging the jury the court committed prejudicial error".

"Under the doctrine that where a statute enacted for the public safety imposes upon the driver of a vehicle a rule of conduct and not a specific requirement to do or not to do a definite act, the rule of per se negligence for violating a law is not applicable to §12603-1 GC, relating to safe driving, nor to the provision of §6310-22 GC, which requires drivers to make sure their movements can be made safely." **Barber v Kihlken, Admr., 17 Abs 599 at 600.**

We have read and studied carefully the cases of **State v Wells, 146 Oh St 131**, a criminal case in which three judges dissented but by which we are bound, and **Sweeney v Schneider, 73 Oh Ap 157**, by which we are not bound, cited by counsel for plaintiff as authority for his contention in this case that §6307-20 GC "prescribes specific statutory safety requirements a violation of which is punishable as specified in §6307-107" GC; and reach the conclusion that the issues presented in those cases are not the same as the issues presented in this case.

We agree with the contention of counsel for plaintiff that the supreme court said in the opinion in the case of State v Wells, supra, that §6307-20 GC "is a law of this state applying to the use or regulation of traffic"; but part company with him in his contention that it says in the opinion or holds that such section "sets up a specific requirement". However, we agree with plaintiff's counsel that if the supreme court did hold that §6307-20 GC, did set up a specific requirement that "the violation of" such section "constitutes a punishable offense as specified in §6307-107 GC".

We have studied the briefs of counsel for the respective parties submitted to us carefully and listened to their oral

arguments with interest, but reach the conclusion that by the portion of his charge to which complaint is directed the trial judge did not place "a greater burden of proof upon plaintiff than the law requires" and plaintiff was not prejudiced thereby.

It is argued by counsel for defendant by brief, and we believe effectively, that "even if the court had not charged on Section 6307-20 at all plaintiff's entire law suit was before the jury under the charge of Section 6307-37.. The court charged the violation of Section 6307-37 as negligence per se so that by no stretch of imagination was the plaintiff in any way prejudiced by the charge as given. Although §6307-20 GC was set out as a specific ground of negligence in the plaintiff's petition, the only real claimed negligence in this case was the violation of §6307-37 GC in these two respects: (1) Backing without giving warning; (2) While backing, failing to exercise vigilence. The claimed violation of §6307-20 GC therefore consisted of defendant's failure to operate the automobile with due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any persons while in the lawful use of the roads or highways in the above two respects. If the defendant was not negligent in her conduct in backing her car, then she could not have been negligent at all, because that is really the only claimed grounds for recovery".

Without further word we conclude that the trial judge charged the jury fully and correctly on the issues presented in the case.

The issue of fact presented to the jury by the evidence in this case was whether defendant's automobile struck and injured plaintiff, or whether she was injured by falling; and as the result of carefully weighing the evidence submitted to us for review we cannot arrive at the conclusion which counsel for plaintiff asks us to reach, namely that the verdict of the jury and judgment of the court of common pleas entered thereon are against the manifest weight of the evidence.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, Concur in Judgment.